UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V. FARNSWORTH,<br><br>        Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY JAIL, *et al*,<br><br>        Defendants. | Case No.  C07-5034FDB-KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for April 6, 2007 |

      This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

      Because he has had three prior civil actions dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), plaintiff now is prohibited by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.  Accordingly, the Court should deny plaintiff's application to proceed *in forma pauperis*.

## DISCUSSION

      The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper

REPORT AND RECOMMENDATION
Page - 1

affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case "at any time if the court determines" the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"; or (c) "seeks monetary relief against a defendant who is immune from such relief." In addition, under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[t]he plain language of § 1915(g) denies" *in forma pauperis* status to those prisoners to whom the above circumstances apply. Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

It appears plaintiff has had at least three lawsuits dismissed that have been counted as a dismissal for purposes of 28 U.S.C. § 1915(g). See Farnsworth v. Pierce Co., et al., C05-5177RBL (W.D. Wash.); Farnsworth v. Carter, C05-5139FDB (W.D. Wash.); Farnsworth v. Glad, et al., C94-774 (C.D. Utah); see also Farnsworth v. Pierce Co. Sheriff, et al., C04-5780RBL (W.D. Wash.) (Dkt. #43). Further, plaintiff has made no showing that he is under imminent danger of serious physical injury.

## CONCLUSION

Because plaintiff already has at least three prior civil actions that have been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), the undersigned recommends the Court deny his application to proceed *in forma pauperis* in this case under 28 U.S.C. § 1915(g). Accordingly, the undersigned also recommends the Court dismiss plaintiff's complaint unless he pays the required $350.00 filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **April 6,**

1 | **2007**, as noted in the caption.

2 | Dated this 15th day of March, 2006.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3